**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Samson Fleurimond,<br><br>                    Petitioner,<br><br>v.<br><br>Kristi Noem, et al.,<br><br>                    Respondents. | No. CV-26-00037-PHX-MTL (CDB)<br><br>**ORDER** |

**I.**

Petitioner, a Haitian citizen, has been present in the United States since March 8, 2023, when he was approved for humanitarian parole under the Cuba, Haiti, Nicaragua, and Venezuela parole program. (Doc. 1 at 4 ¶¶ 9-10.) He was placed in removal proceedings, in which he filed and continues to pursue applications for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). (*Id.* at 4-5 ¶ 11.) His parolee status expired on March 6, 2025. (*Id.* at 38.)

On October 10, 2025, he was detained by Department of Homeland Security agents. (*Id.* at 5 ¶ 12.) The Immigration Judge found Petitioner inadmissible under Section 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act ("INA"). (*Id.* at 31.) The Immigration Judge also denied Petitioner a bond hearing because he was an "arriving alien, and alternatively, significant flight risk." (*Id.* at 33.) Petitioner filed this habeas corpus action challenging his immigration detention and seeking a bond determination hearing under 8 U.S.C. § 1226(a). Respondents argue that Petitioner is subject to mandatory

detention without bond under 8 U.S.C. § 1225(b)(2)(A). (Doc. 9 at 4-5.)

## II.

### A.

For the reasons explained in *Chavez v. Noem*, — F. Supp. 3d —, 2026 WL 381618, at *1-2 (D. Ariz. Feb. 9, 2026), the Court finds that a person who entered the United States illegally and is clearly and beyond a doubt not entitled to admission, is subject to mandatory detention under § 1225(b)(2)(A). *See also Buenrostro-Mendez v. Bondi*, — F.4th —, 2026 WL 323330 (5th Cir. Feb. 6, 2026).

Based on this record, the Court finds that Petitioner is present without having been admitted[1] and is therefore treated as an applicant for admission under 8 U.S.C. § 1225(a)(1). The Court further finds that an immigration officer has not determined Petitioner clearly and beyond a doubt entitled to be admitted, and therefore mandatory detention under 8 U.S.C. § 1225(b)(2)(A) applies. Petitioner is therefore not entitled under the INA to a bond hearing under 8 U.S.C. § 1226(a). Count One of the Petition is thus denied.

### B.

As far as Petitioner alleges that his detention violates due process in Count Two of the Petition, he is mistaken.

The government began removal proceedings against Petitioner under procedures set forth in the INA. (Doc. 1 at 4-5 ¶ 11.) He was later issued a Notice to Appear charging him as an alien present in the United States without possession of a valid entry document or suitable travel document, in violation of Section 212(a)(7)(A)(i)(I) of the INA. (*Id.* at 28-31.) Petitioner applied for asylum, withholding of removal, and CAT protection, and he is still pursuing those claims. (*Id.* at 4-5 ¶ 11.)

---

[1] That Petitioner was paroled upon his entry to the United States does not change the Court's analysis. *Vazquez Romero v. Garland*, 999 F.3d 656, 661 (9th Cir. 2021) ("The parole of an alien into the United States does not affect the alien's immigration status. Aliens paroled elsewhere in the country for years pending removal are treated for due process purposes as if stopped at the border." (citations and quotation marks omitted)). Further, Petitioner does not explain how he can still be considered a parolee when his parole expired in March 2025. (*See* Doc. 1 at 38.)

An alien unlawfully present in the United States "has only those rights regarding admission that Congress has provided by statute." *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 140 (2020); *see also Espinoza Lopez v. Noem*, 26 Civ. 00345 (JHR), 2026 WL 266597, at *3 (S.D.N.Y. Feb. 2, 2026).

In this case, Petitioner received due process in two respects. First, he was afforded the procedural protection of the INA. Second, he was subject to the determination procedures established by Congress in the Illegal Immigration Reform and Immigration Responsibility Act where an immigration officer determined that he was not entitled to a bond hearing.[2] These procedures represent the due process as provided by Congress in statute. Petitioner is entitled to nothing further under the Constitution, and Count Two of the Petition is denied.

## C.

Count Four asserts that Petitioner's detention violates the Equal Protection clause of the Fifth Amendment; this Count also lacks merit. Interpreting § 1225 as applying both to those who present themselves for inspection and those who do not is fully consistent with the Equal Protection clause. *See, e.g.*, *Reynolds v. Sims*, 377 U.S. 533, 565 (1964) ("[T]he concept of equal protection has been traditionally viewed as requiring the uniform treatment of persons standing in the same relation to the governmental action questioned or challenged."). Accepting Petitioner's argument would mean that he would be treated more favorably than others similarly situated who unlawfully enter the United States. The Equal Protection clause is not a barrier to Petitioner's mandatory detention, particularly in this sphere, where "Congress has particularly broad and sweeping powers . . . and is therefore entitled to an additional measure of deference when it legislates as to . . . matters pertaining to aliens." *Abebe v. Mukasey*, 554 F.3d 1203, 1206 (9th Cir. 2009) (en banc) (per curiam).

. . . .

---

[2] Petitioner does not address the IJ's alternate finding for denial of bond that he was a "significant flight risk" (Doc. 1 at 33); that the IJ reviewed the matter of Petitioner's custody on the merits confirms that Petitioner received the process to which he was entitled.

**D.**

Petitioner's claim in Count Five of the Petition that his detention without a bond hearing violates the Suspension Clause is likewise rejected. The Suspension Clause provides that the "Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it." U.S. Const. art. I, § 9, cl. 2. Petitioner has not been precluded from bringing this habeas petition and asserting constitutional and statutory challenges to his detention, nor has this Court been precluded from reviewing and ruling on it. *See Demore v. Kim*, 538 U.S. 510, 517 (2003) (holding that § 1226(e) did not bar a habeas petition raising constitutional challenges, so federal courts had jurisdiction to review those challenges); *Brown v. Muniz*, 889 F.3d 661, 676 (9th Cir. 2018) ("[T]he Suspension Clause establishes no particular review standard for habeas petitions; it *does*, however, guarantee access to the federal courts to press a habeas claim."); *Puri v. Gonzales*, 464 F.3d 1038, 1042 (9th Cir. 2006); *see also I.N.S. v. St. Cyr*, 533 U.S. 289, 337 (2001) (Scalia, J., dissenting) ("A straightforward reading of [the Suspension Clause] discloses that it does not guarantee any content to (or even the existence of) the writ of habeas corpus, but merely provides that the writ shall not (except in case of rebellion or invasion) be suspended."), *superseded by statute on other grounds as stated in Nasrallah v. Barr*, 590 U.S. 573, 580 (2020); *Perez v. Barr*, 957 F.3d 958, 963 (9th Cir. 2020) (noting that the "privilege of habeas corpus entitles the prisoner to a *meaningful opportunity* to demonstrate that he is being held pursuant to the erroneous application or interpretation of relevant law" (emphasis added) (citation and quotation marks omitted)). Petitioner's Suspension Clause challenge therefore fails.

Even considering Petitioner's argument on the merits, however, the Court is skeptical of the conclusion that classifying an alien as subject to mandatory detention would violate the Suspension Clause. Although the Ninth Circuit has stated that "[h]abeas relief for people detained by executive officials of the federal government, including aliens, has been guaranteed by statute since 1789," *Flores-Miramontes v. I.N.S.*, 212 F.3d 1133, 1142 (9th Cir. 2000), members of the Supreme Court have reasoned that even § 1226(e)'s

bar of review of mandatory detention under § 1226(c) likely does not violate the Suspension Clause because "historical evidence suggests that [an alien] would not have been permitted to challenge his temporary detention pending removal until very recently." *See Demore*, 538 U.S. at 537-38 (O'Connor, J., concurring); *id.* at 539 ("All in all, it appears that in 1789, and thereafter until very recently, the writ was not generally available to aliens to challenge their detention while removal proceedings were ongoing."); *Thuraissigiam*, 591 U.S. at 116 ("[T]he [Suspension] Clause, at a minimum, protects the writ as it existed in 1789, when the Constitution was adopted." (quotation marks omitted)); *see also St. Cyr*, 533 U.S. at 342 (Scalia, J., dissenting) ("[T]he Suspension Clause guarantees the common-law right of habeas corpus, as it was understood when the Constitution was ratified. There is no doubt whatever that this did not include the right to obtain discretionary release."). Indeed, given this Court's conclusion that the INA permits Petitioner to be classified as an applicant for admission subject to mandatory detention, any Suspension Clause argument would necessarily require the Court to issue a "momentous" holding that "an Act of Congress unconstitutionally suspend[ed] the writ of habeas corpus." *Thuraissigiam*, 591 U.S. at 132. Such a conclusion cannot be lightly reached, particularly on this limited record and Petitioner's bare argument. Count Five of the Petition is therefore denied.

### E.

The Court rejects Count Three, which asserts that Petitioner's detention violates the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), as being arbitrary and capricious. Petitioner cannot assert an APA claim. Under 5 U.S.C. § 704 (emphasis added), "[a]gency action made reviewable by statute and final agency action *for which there is no other adequate remedy in a court* are subject to judicial review." By bringing a habeas petition, Petitioner has an adequate remedy in court, so he cannot also bring an APA claim. *See Trump v. J.G.G.*, 604 U.S. 670, 674 (2025) (Kavanaugh, J., concurring) (stating that "habeas corpus, not the APA," was the "proper vehicle" for claims involving alien transfers because § 704 provides that "claims under the APA are not available when there is another

adequate remedy in a court" (quotation marks omitted)); *see also id.* at 672 (majority opinion) (per curiam) (describing the claims as "within the 'core' of the writ of habeas corpus and thus must be brought in habeas").

Even on the merits, however, Petitioner's claim fails. Because Petitioner was classified and treated as the INA requires, the government has not acted arbitrarily or capriciously. *See F.C.C. v. NextWave Personal Commc'ns Inc.*, 537 U.S. 293, 300 (2003) ("The Administrative Procedure Act requires federal courts to set aside federal agency action that is '*not* in accordance with law . . . .'" (emphasis added) (quoting 5 U.S.C. § 706(2)(A))). Count Three is therefore denied.

### F.

Finally, the Court addresses Count Six of the Petition, which alleges that ICE "failed to follow immigration-specific arrest and processing regulations," namely, regulations involving warrantless arrests. (Doc. 1 at 22-23.) Petitioner alleges that his "warrantless arrest and continued civil detention contravene the regulations governing immigration arrests." (*Id.* at 23.)

The government did not address this claim in its briefing, nor did Petitioner elaborate further on it in any reply. (*See* Doc. 9.) The Court will therefore order further briefing on the merits of Count Six of the Petition. Briefing should be supported by documentary evidence, including declarations or affidavits, if appropriate.

### III.

**IT IS THEREFORE ORDERED** that Counts One through Five of the Petition for Writ of Habeas Corpus (Doc. 1) are **DENIED**.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

**IT IS FURTHER ORDERED** that the parties must file supplemental briefing on Count Six of the Petition no later than **March 11, 2026**.

Dated this 24th day of February, 2026.

*Michael T. Liburdi*
Michael T. Liburdi
United States District Judge