**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Samson Fleurimond,<br>Petitioner,<br>v.<br>Kristi Noem, et al.,<br>Respondents. | No. CV-26-00037-PHX-MTL (CDB)<br>**ORDER** |

Petitioner, a citizen of Haiti, entered the United States on humanitarian parole in March 2023. His parole expired in March 2025, and immigration officers arrested him on October 10, 2025. He remains in removal proceedings while pursuing asylum and related relief. The Court previously denied Counts One through Five of his Petition, concluding, among other things, that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). The Court reserved ruling on Count Six and directed supplemental briefing concerning Petitioner's allegation that officers failed to comply with the requirements governing warrantless immigration arrests. (Doc. 10 at 1-2, 6-7.)

In his supplemental brief, Petitioner argues that his arrest violated 8 U.S.C. § 1357(a)(2) and 8 C.F.R. § 287.8(c)(2)(ii) because officers lacked reason to believe he was likely to escape before a warrant could be obtained. He emphasizes that the Form I-213 identifies no facts supporting such a belief and contends that the violation requires release under the *Accardi* doctrine. Respondents maintain that Petitioner's lack of lawful status supplied probable cause and that his presence in a vehicle supported a reasonable

belief that he could escape before officers obtained a warrant. (Doc. 12 at 2, 7-10; Doc. 13 at 1-2.)

The Court need not resolve whether the arrest satisfied those requirements because, even assuming a violation, Petitioner has not shown that release is the appropriate remedy under these circumstances. The Supreme Court has explained that irregularities associated with an immigration arrest do not necessarily invalidate subsequent lawful proceedings. *United States ex rel. Bilokumsky v. Tod*, 263 U.S. 149, 158 (1923). Rather, the object of habeas review is to determine whether the petitioner may lawfully remain in custody; "if sufficient ground for his detention by the government is shown, he is not to be discharged for defects in the original arrest or commitment." *Id.* (citation omitted).

Here, the Court has already determined that § 1225(b)(2)(A) supplies a lawful basis for Petitioner's detention pending removal proceedings. Petitioner has not explained why the alleged defect in the manner of his arrest defeats that statutory basis for his present custody. His reliance on *Mountain High Knitting, Inc. v. Reno*, 51 F.3d 216, 218 (9th Cir. 1995) does not establish otherwise. That decision recognizes the independent escape-risk requirement governing warrantless immigration arrests, but it does not hold that a violation requires habeas release from otherwise lawful detention. Nor does invocation of the *Accardi* doctrine, without more, establish that an assumed regulatory violation requires release notwithstanding the authority governing Petitioner's continuing custody.

The Court does not excuse noncompliance with the statutory or regulatory arrest requirements or decide whether such noncompliance occurred here. It concludes only that Petitioner has not established that the alleged violation renders his present detention unlawful or entitles him to the requested alternative custody hearing. Count Six is therefore denied.

. . . .

. . . .

. . . .

. . . .

**IT IS THEREFORE ORDERED** that Count Six of the Petition for Writ of Habeas Corpus (Doc. 1) is **denied**.

**IT IS FURTHER ORDERED** that any remaining pending motions are denied as moot. The Clerk of Court shall enter judgment accordingly and close this case.

Dated this 17th day of November, 2026.

Michael T. Liburdi

Michael T. Liburdi
United States District Judge